IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Untied States of America,<br><br>　　　　　　Plaintiff,<br>　v.<br>Dung Van Le,<br><br>　　　　　　Defendant.<br>_____/ | NO. CR 98-20060 JW<br>NO. C 07-03720 JW<br><br>**ORDER DISMISS MOTION TO MODIFY SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITH PREJUDICE AS UNTIMELY** |

Presently before the Court is Defendant's Motion to Modify Sentence Pursuant to 28 U.S.C. § 2255.[1] Defendant contends that he was denied effective assistance of counsel when his attorney failed to request a four count reduction at his sentencing based on his status as a Vietnam War refugee. (Motion at 2.)

A prisoner who is in custody under the sentence of a federal court who claims the right to be released may move the court to vacate, set aside, or correct the sentence on the grounds that (1) the sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255. When evaluating a motion brought under § 2255, a court must issue an order directing the respondent to show cause why the motion should not

---

[1] (hereafter, Motion, Docket Item No. 1098.) Unless otherwise noted, all citing references are to Docket No. C 98-20060. Defendant pleaded guilty to aiding and abetting the use and carrying of firearms in connection with an armed robbery; he is currently serving a 130 month sentence. (See Docket Item Nos. 524, 746.)

be granted unless it plainly appears from the "motion and the files and records of the case . . . that the prisoner is entitled to no relief." Id. Section 2255 motions must be brought within one year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant pleaded guilty on February 27, 2001 and was sentenced on May 6, 2002. By the terms of the plea agreement, Defendant waived any right to appeal. (See Docket Item No. 525.) Defendant filed the current Motion on July 17, 2007, more than five years after his judgment of conviction became final. Thus, Defendant has failed to file within the statute of limitations.[2]

Accordingly, the Court DISMISSES Defendant's Motion to Modify Sentence with prejudice as untimely.

Dated: December 14, 2009

JAMES WARE
United States District Judge

---

[2] On March 23, 2004, the parties filed a Stipulation to correct the judgment and commitment, which the Court approved. (Docket Item No. 932.) Even if the Court were to give Defendant this later date in light of the amended judgment, Defendant's Motion would still be untimely since it was filed in 2007, nearly three years later.

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

U.S. Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA 95113-2009

Dung Van Le
BOP Reg. #49128
2001-Rickabaugh Drive
PO Box 7001
Big Spring, TX 79720

**Dated:  December 14, 2009**                    **Richard W. Wieking, Clerk**

                                                **By:   /s/ JW Chambers                    **
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California